*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

KYLE GRAZIER,

UNPUBLISHED
May 26, 2022

Plaintiff-Appellee,

v

No. 356465
Washtenaw Circuit Court

WILLIAM G'SELL,

LC No. 19-000117-DO

Defendant-Appellant.

Before: MURRAY, P.J., and SAWYER and M. J. KELLY, JJ.

MURRAY, P.J., (*concurring in part, dissenting in part*).

I concur with all the aspects of the majority opinion except as to part IV, which addresses spousal support. For the reasons expressed below, the trial court did not abuse its discretion in denying spousal support to defendant G'Sell. Thus, I would also affirm that part of the trial court's order.

With respect to the award of spousal support, the trial court articulated the correct factors to consider in addressing the issue, provided a cogent explanation for denying the request, and the denial was firmly rooted in the facts. There was no abuse of that discretion. *Gates v Gates*, 256 Mich App 420, 432; 664 NW2d 231 (2003).

After a seven day bench trial that did not involve custody, the trial court was very familiar with the parties and their circumstances. In deciding this issue, the trial court was cognizant of the proper factors under *Loutts v Loutts*, 298 Mich App 21, 31; 826 NW2d 152 (2012), and focused its attention on the four factors argued by G'Sell as most relevant: the parties' past relations, the length of the marriage, the ability to pay spousal support, the needs of the parties, and any fault. Under the facts found by the trial court, and the fact that it essentially equally divided the 2.7 million dollars in assets (the vast majority of which were retirement and investment accounts) accumulated by the parties over their long marriage, and the fact that both owned homes free of any mortgage, and given that both parties were well-beyond the normal retirement age and Grazier's desire not to work more than a year longer, the denial of spousal support was downright reasonable. Indeed, had the trial court awarded spousal support—especially in the large amount sought by G'Sell—it would likely have been an abuse of discretion given the level of assets and

age of the parties, not to mention the trial court's finding that G'Sell was at fault in the dissolution of the marriage.

As for the majority's concern for the level of income obtainable from these assets, does it really matter?  The simple fact is both are getting roughly the same share of the assets, the assets are fairly substantial, most are in the form of investments (rather than real property) that naturally lead to investment[1] income, and neither party intends to work given their age.  Each of these factors were considered by the trial court, and are relevant to an informed decision.  *Hanaway v Hanaway*, 208 Mich App 278, 296; 527 NW2d 792 (1995) ("[W]here both parties are awarded substantial assets, the court, in evaluating a claim for [spousal support], should focus on the income-earning potential of the assets and should not evaluate a party's ability to provide self-support by including in the amount available for support the value of the assets themselves.").[2]  The trial court's decision was not an abuse of discretion, and should be affirmed.

/s/ Christopher M. Murray

---

[1] And, there seemed no dispute that G'Sell was quite adept at investing and finances such that the assets awarded will afford him the ability to invest such that he can continue to maintenance his standard of living.

[2] Additionally, though the trial court did not articulate the total amount of the assets awarded to each party, an exhibit admitted at trial did list out all the assets (and debts) of the parties, and revealed the substantial assets that would be divided between them.